# CONCURRING OPINION

No. 04-10-00424-CR

Lance William **COOKSEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A07334
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice
Concurring Opinion by:  Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  May 11, 2011

Although I concur with the majority's analysis in reversing the trial court's ruling on Cooksey's motion to suppress, I write separately because I find it troubling that efforts were not made in this case to obtain a search warrant based on the information provided by the confidential informant.   The Fourth Amendment is very specific in its admonition that unreasonable searches and seizures are forbidden:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. Amend. IV; *see also* TEX. CONST. Article I, § 9.  I recognize that exceptions to the Fourth Amendment's warrant requirement exist and exist for good reason.  I also recognize that the Fourth Amendment does not prohibit the initial "knock and talk" approach used in this case.

However, obtaining a search warrant when the information is available would appear to be more consistent with the intent of the Fourth Amendment than attempting to rely on an exception to the warrant requirement.  Where exceptions are relied upon to justify a warrantless search, even when there is an opportunity to obtain a search warrant, a danger exists that the exceptions may swallow the rule.

                                                    Marialyn Barnard, Justice

Publish